UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CR 392 CDP-2 |
| | ) | |
| SAMUEL MARION SMITH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before the Court on defendant Samuel Marion Smith's Motions to Suppress Statements [73] and Physical Evidence [75]. Defendant is charged in a Second Superseding Indictment with interstate travel with intent to engage in illicit sexual conduct with a minor, and doing so while he was required to register as a sex offender.

Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Patricia L. Cohen. Judge Cohen held a hearing and after receiving post-hearing briefs, recommended that the motions be denied. Defendant has filed objections to the Report and Recommendation and the U.S. Attorney has filed a response to those objections. I have conducted a *de novo* review of the motions to suppress, including reviewing all the motions and briefs, the transcript of the hearing before Judge Cohen, all of the exhibits including the

audio and video recordings, and the law.  I conclude that the motions to suppress should be denied.  Over the objections of the defendant, I will adopt the Report and Recommendation of Judge Cohen.[1]

My review of the affidavit in support of search warrant shows that, based on interviews of witnesses and other information, there was probable cause to believe that evidence of the listed crimes would be found during the search.  Among other things the warrant properly authorized both the seizure of electronic devices and the later search of the contents of those devices, and it was not necessary to obtain a second warrant to search the contents of the electronic devices.  There was also probable cause to arrest the defendant and he was not seized illegally.  The warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), were given before both interviews and defendant knowingly, intelligently and voluntarily waived his right to remain silent or to ask for an attorney.  All of his statements were made voluntarily and there is no evidence of duress.  To the extent defendant argues that his understanding was affected by his medications, the evidence provides no support for that argument.  The recordings make it abundantly clear that defendant understood what was going on and was fully capable of understanding his rights.

---

[1] These motions were filed and heard before the filing of the Second Superseding Indictment.  As set forth in more detail in the scheduling order entered on November 15, 2019 [112] defendant has the opportunity to file any additional motions that he believes are necessary because of the return of the Second Superseding Indictment.

Defendant was cooperative throughout the interviews and the officers' description of the interviews as "conversational" is accurate. There is no basis to suppress defendant's statements or any of the physical evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [100] is **SUSTAINED, ADOPTED, and INCORPORATED** herein, and defendant Samuel Marion Smith's Motions to Suppress Statements [73] and Physical Evidence [75] are **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2019.